IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
RUDOLPH GEORGE STANKO,         )
                               )
            Plaintiff,         )      7:05CV5023
                               )
       v.                      )
                               )
KYLE SCHIEDEMAN, et al.,       )      MEMORANDUM OPINION
                               )
            Defendants.        )
_____)
```

This matter is before the court on plaintiff's motion for leave to proceed in forma pauperis ("IFP")(Filing No. 39) and the motion to dismiss for lack of service (Filing No. 41) filed by the remaining defendant, Kyle Schiedeman. Based on the Prisoner Account Statement (Filing No. 40), plaintiff qualifies financially to proceed IFP. However, because the defendant's motion to dismiss will be granted, there will be no additional proceedings in the district court, and the plaintiff's IFP motion has become moot.[1]

Defendant's motion to dismiss for lack of service will be granted pursuant to Fed. R. Civ. P. 4(m) because the time for service of process has long ago expired, and the plaintiff has already received extensions. There is no good reason why the

---

[1] If the plaintiff chooses to appeal, he may move to proceed IFP on appeal. However, as a prisoner subject to the Prison Litigation Reform Act, he will incur liability for the entire $455 appellate filing fee, even if allowed to proceed IFP on appeal.

Court should allow the plaintiff to serve the defendant with process in April or May of 2007 when the plaintiff filed this case in October of 2005.  Rule 4(m) contemplates 120 days for service of process after the complaint has been filed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of May, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court